UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 19, 2019

MEMORANDUM TO COUNSEL RE:      Olawale Sunmonu v. Chase Bank, N.A.
                                                      Civil Action No. GLR-18-1695

Dear Counsel:

       Pending before the Court are Plaintiff Olawale Sunmonu's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 4) and Defendant Chase Bank N.A.'s ("Chase Bank") Motion to Compel Arbitration under the Federal Arbitration Act ("Motion to Compel Arbitration") (ECF No. 14). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny Sunmonu's Motion and grant Chase Bank's Motion.

       Sunmonu, a Texas resident, was a longtime customer of Chase Bank. (Compl. ¶¶ 3, 5, ECF No. 1).[1] As part of that relationship, Sunmonu and Chase Bank were "parties to a valid and binding Agreement, The Chase Deposit Agreement" (the "Deposit Agreement"). (Id. ¶ 12). Sunmonu agreed to the terms of the Deposit Agreement on October 3, 2008 and again on May 16, 2014. (Carranza Aff. Ex. 1 at 1–2, ECF No. 14-2). On July 21, 2017, Chase Bank notified Sunmonu that it had decided to close his account, which at the time had a balance of $9,600.34. (Compl. ¶¶ 6–7; id. Ex. A, ECF No. 1-1).[2] Chase Bank told Sunmonu that "he would receive a check for his funds within two weeks," but he did not. (Compl. ¶ 7). On September 8, 2017 and January 8, 2018, Sunmonu wrote letters to Chase Bank, stating that he had not yet received the check. (Id. ¶¶ 8–9; id. Exs. B, C, ECF Nos. 1-2, 1-3). On May 21, 2018, Chase Bank responded, to Sunmonu's counsel, refusing to release Sunmonu's funds. (Id. ¶ 10; Ex. D, ECF No. 1-4). Chase Bank placed Sunmonu's funds in a "suspense account." (Id. ¶ 24).

       On June 9, 2018, Sunmonu filed a three-Count Complaint against Chase Bank, alleging: breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); and unjust enrichment (Count III). (Id. ¶¶ 11–26). In addition to injunctive relief, Sunmonu seeks compensatory and punitive damages as well as his attorney's fees and costs. (Id. at 4).

---

[1] Unless otherwise noted, the facts outlined here are set forth in Sunmonu's Complaint (ECF No. 1). To the extent the Court discusses facts that Sunmonu does not allege in his Complaint, they are uncontroverted and the Court views them in the light most favorable to Sunmonu. The Court will address additional facts when discussing applicable law.

[2] In its Opposition and Motion to Compel Arbitration, Chase Bank states that it froze certain funds in Sunmonu's account in connection with an investigation into potential fraud and unlawful activity. (Mem. L. Supp. Def.'s Mot. Compel Arbitration & Opp'n Pl.'s Mot. TRO ["Def.'s Mot. & Opp'n"], at 1, ECF No. 14-1). Chase Bank states that it advised Sunmonu of the nature of the investigation, (id.), but offers no documentary support that it did so.

Also on June 9, 2018, Sunmonu filed his Motion for Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 4).[3] On July 31, 2018, Chase Bank filed a combined Opposition and Motion to Compel Arbitration. (ECF No. 14).[4] On August 12, 2018, Sunmonu filed an Opposition. (ECF No. 15). On August 23, 2018, Chase Bank filed a Reply. (ECF No. 16). The Court first turns to Chase Bank's Motion because the resolution of that Motion will determine whether the case proceeds in this Court.

**Motion to Compel Arbitration**

The standard of review on a motion to compel arbitration under the Federal Arbitration Act ("FAA") is "akin to the burden on summary judgment." Novic v. Midland Funding, LLC, 271 F.Supp.3d 778, 782 (D.Md. 2017) (quoting Galloway v. Santander Consumer USA, Inc., 819 F.3d 79, 85 (4th Cir. 2016) (internal quotation omitted)). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4). In the context of a motion to compel arbitration under the FAA, "the party seeking a jury trial must make an unequivocal denial that an arbitration agreement exists— and must also show sufficient facts in support." Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 564 (4th Cir. 2015) (citing Oppenheimer & Co., Inc. v. Neidhardt, 56 F.3d 352, 358 (2d Cir.1995)).

The FAA provides, with limited exceptions, that agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2 (2018). To compel arbitration, the moving party must demonstrate: (1) "the existence of a dispute between the parties"; (2) "a written agreement that includes an arbitration provision which purports to cover the dispute"; (3) "the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce"; and (4) "the failure, neglect or refusal of the defendant to arbitrate the dispute.'" Galloway, 819 F.3d at 84 (quoting Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 696 n.6 (4th Cir. 2012). Sunmonu only disputes the second element in his two-page Opposition.

The Deposit Agreement, which Sunmonu admits in his Complaint is valid and binding, compels arbitration of this dispute. First, there is clearly a dispute between the parties. Sunmonu alleges there was $9,600.34 in his Chase Bank account when the bank closed it and that the bank has

---

[3] Sunmonu's Motion sought expedited review, but he consented to Chase Bank's request for an extension of time to file its responsive pleading, (ECF No. 10), which meant his Motion ripened approximately two-and-a-half months after it was filed.

[4] Chase Bank also filed its Answer to Sunmonu's Complaint on July 31, 2018. (ECF No. 13).

wrongly withheld it from him. (Compl. ¶ 7). Chase Bank denies these allegations in its Answer. (Answer ¶ 7).

Second, the Deposit Agreement requires the parties to submit this dispute to arbitration. Chase Bank includes a hyperlink to the Deposit Agreement in its Motion and attaches Sunmonu's "signature cards" indicating his assent to the Deposit Agreement. (Def.'s Mot. & Opp'n at 1; Carranza Aff. Ex. 1 at 1–2). The Deposit Agreement provides that Sunmonu and Chase Bank "agree that upon the election of either of us, any dispute relating in any way to [Sunmonu's] account . . . will be resolved by binding arbitration . . . and not through litigation in any court (except for matters in small claims court)." (Deposit Agreement at 14). The Deposit Agreement defines arbitrable claims broadly: "[c]laims or disputes between you and us about your deposit account, transactions involving your deposit account," and "[a]ny claims or disputes arising from or relating to this agreement." (Id.). The dispute here fits within this broad language. Sunmonu argues that Chase Bank "is unable to prove or disavows the existence of a valid and binding agreement between the parties," (Pl.'s Opp'n ¶ 3, ECF No. 15), but offers no support for that proposition. He does not dispute the authenticity of the Desposit Agreement or argue that his assent to its terms was in any way defective. To the contrary, Sunmonu admitted the validity of the Deposit Agreement in his Complaint.

Third, the transaction in dispute here relates to interstate commerce. The parties are citizens of different states, and Chase Bank necessarily conducts interstate commerce as a national bank. Fourth, Sunmonu failed to or refused to arbitrate the dispute. The Deposit Agreement calls for arbitration of "any dispute relating in any way to [Sunmonu's] account," (Deposit Agreement at 14), yet Sunmonu filed suit in this Court. Presented with Chase Bank's election to arbitrate per the Deposit Agreement, Sunmonu has refused to do so, including in his Opposition.

Sunmonu makes a one-line procedural argument—that Chase Bank did not give him the five days' notice required by the FAA—but without any discussion of its import or impact, that argument is unpersuasive. Section 4 of the FAA states that the party seeking to arbitrate must give the opposing party "[f]ive days' notice in writing of such application . . . made in the manner provided by the Federal Rules of Civil Procedure." 9 U.S.C. § 4. But Chase Bank's Motion is not a "petition" seeking to initiate arbitration in the Section 4 sense because Chase Bank merely moves to redirect Sunmonu's claims to an arbitral forum. In other words, Sunmonu initiated this lawsuit, not Chase Bank. As this Court held in In re Titanium Dioxide Antitrust Litig., a motion to compel arbitration "is not meant to initiate an arbitration; an order compelling arbitration simply clarifies the forum in which the claim may be asserted." 962 F.Supp.2d 840, 855 (D.Md. 2013). Chase Bank, therefore, is "not obligated to fulfill conditions precedent" of initiating arbitration, such as giving five days' notice. Id. Further, Sunmonu has not argued any prejudice as a result of the alleged notice failure, and the intervening months since Chase Bank filed its Motion have surely cured any unfair surprise.

In sum, Chase Bank has made the necessary showing on the four requirements to compel arbitration, and Sunmonu has not made the necessary showing to defeat Chase Bank's Motion. Chorley Enters., Inc., 807 F.3d at 564. As a result, the Court will grant Chase Bank's Motion and will direct Sunmonu to pursue these claims, if at all, in arbitration. The Court now turns to Sunmonu's Motion.

**Motion for Temporary Restraining Order and Preliminary Injunctive Relief**

The Court may grant a temporary restraining order if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b). The purpose of a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). The Court applies the same four factors to determine whether a temporary restraining order or preliminary injunction is warranted: (1) the likelihood of success on the merits; (2) whether the movant will face irreparable harm in the absence of preliminary relief; (3) whether the balance of equities favors preliminary relief; and (4) whether an injunction is in the public interest. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). When the balance of the hardships "does not tilt decidedly in the plaintiff's favor," the plaintiff must demonstrate a "strong showing of likelihood of success" or a "substantial likelihood of success" by "clear and convincing evidence" to obtain relief. Giant Brands, Inc. v. Giant Eagle, Inc., 228 F.Supp.2d 646, 651 (D.Md. 2002) (quoting MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 340 (4th Cir. 2001).

In light of the Court's analysis above, Sunmonu cannot meet the first requirement for injunctive relief, likelihood of success on the merits. Winter, 555 U.S. at 20. Because the Court concludes that Sunmonu's claims are subject to arbitration, the likelihood of success is for an arbitrator or arbitral panel, not the Court, to determine. Accordingly, the Court will deny Sunmonu's Motion.

Finally, Chase Bank requests that the Court to stay these proceedings pursuant to 9 U.S.C. § 3. "[D]istrict courts in the Fourth Circuit have recognized that dismissal, rather than a stay of trial pending arbitration, is appropriate where[, as here,] a court rules that all of a plaintiff's claims must be arbitrated." Taylor v. Santander Consumer USA, Inc., No. DKC 15-0442, 2015 WL 5178018, at *7 (D.Md. Sept. 3, 2015) (quoting Titanium Dioxide, 962 F.Supp.2d at 856); see also Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 376 (4th Cir. 2012) (holding that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"). As in Taylor and Titanium Dioxide, "no useful purpose will be served by staying the pertinent proceedings pending arbitration." Titanium Dioxide, 962 F.Supp.2d at 856. Accordingly, the Court will dismiss the Complaint.

For the foregoing reasons, Chase Bank's Motion to Compel Arbitration under the Federal Arbitration Act (ECF No. 14) is GRANTED, and Sunmonu's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 4) is DENIED. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/
George L. Russell, III
United States District Judge